UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KEITH CROSSAN | * | CIVIL ACTION NO. 2:18-CV-629 |
| VERSUS | * | UNASSIGNED DISTRICT JUDGE |
| LOUISE CLOHESSY | * | MAGISTRATE JUDGE KAY |

**************************************************************************

## RULING

Before the Court is the petitioner's, Keith Crossan ("Crossan"), Motion for Temporary Restraining Order and Scheduling of Expedited Preliminary Injunction Hearing. [Doc. No. 3]. Crossan brings this action under the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001, *et seq*, seeking, *inter alia*, the return of his minor child to Ireland. [Doc. No. 1, p. 10]. Crossan claims that the respondent, Louise Clohessy ("Clohessy"), removed their minor child from Ireland to the United States without his authorization, in violation of his custody rights under Irish law. *Id.* at p. 8. Pursuant to his motion, Crossan seeks a temporary restraining order "prohibiting the removal of his son from the jurisdiction of this Court pending a hearing on the merits of [his] Verified Petition." [Doc. No. 3-1, p. 10]. Crossan also requests an expedited preliminary injunction hearing on the merits of his Verified Petition and an order that the trial of this action on the merits be consolidated with the hearing for preliminary injunction, pursuant to Federal Rule of Civil Procedure 65. *Id.* After considering the motion and the relevant law, the Court finds that Crossan's motion should be **GRANTED**.

The Court may only issue a temporary restraining order without notice to the adverse party if:

1

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

In this case, the Court finds that Crossan's verified petition clearly shows that he will suffer immediate and irreparable injury, loss, or damage if a temporary restraining order is not entered before Clohessy can be heard in opposition. Moreover, ICARA permits courts to "take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 22 U.S.C. § 9004(a).

Crossan has set forth facts demonstrating that Clohessy removed the parties' minor child from Ireland to the United States without permission from, or notice to, Crossan. [Doc. No. 1, pp. 4–5]. Crossan further states he learned that Clohessy and his son were in Atlanta, Georgia through the aid of the police. *Id.* at p. 5. Crossan also states that after attempting to serve Clohessy with a summons and a similar complaint filed in the Northern District of Georgia, he learned that Clohessy had moved from Georgia to Louisiana. *Id.* Therefore, the Court finds there is a strong likelihood that if Clohessy receives notice of the instant action, she will flee the jurisdiction with the minor child, causing Crossan immediate and irreparable injury through his difficulty or inability to find his minor child. A temporary restraining order will also prevent further removal or concealment of the child pending disposition of the verified petition.

Crossan's attorney has submitted a certificate stating that she has provided actual notice of the time of making the application, and copies of all pleadings and other papers filed in the

action to Clohessy and her attorney. [Doc. No. 3, p. 3]. Accordingly, the Court will GRANT Crossan's motion for a temporary restraining order.

The Court further finds that the expedited adjudication of Crossan's petition is warranted pursuant to Federal Rule of Civil Procedure 65(b)(3) and conforms with Article 11 of the Hague Convention. Further, finding that the evidence to be submitted at the preliminary injunction hearing will bear on the merits of the petition, the Court finds that consolidation of the hearing with a trial on the merits is appropriate. This Order does not prevent Clohessy from moving for a continuance of the trial in this matter pursuant to any rights she may have. However, the Court notes that "evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial." Fed. R. Civ. P. 65(a)(2). Accordingly, the Court will grant Crossan's petition for an expedited preliminary injunction hearing on the merits of his verified petition, and that the trial in this matter will be advanced and consolidated with the preliminary injunction hearing.

Monroe, Louisiana, this 10th day of May, 2018.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE